UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. GHOLAR, SR., | No. CV 24-9279-ODW(E) |
|     Petitioner, | |
|   v. | ORDER OF DISMISSAL |
| GENA JONES, WARDEN, | |
|     Respondent. | |

On October 24, 2024, Petitioner filed in the Eastern District of California a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Petition"). On October 31, 2024, a transfer of the Petition was received in the Central District of California.

Petitioner seeks to challenge his 1987 sodomy conviction in Los Angeles County Superior Court (case number A091875), for which Petitioner received a prison sentence of fifteen years (See Petition at 2). Petitioner alleges that he was actually innocent and was the victim of a "miscarriage of justice" (Petition at 6-8).

///

///

///

Petitioner previously has filed a number of federal habeas actions attempting to challenge this same 1987 conviction. See Gholar v. Eldridge, 2019 WL 1766166, at *1-5 (C.D. Cal. Apr. 22, 2019) ("Order of Dismissal" reciting history of Petitioner's previous cases); see also Gholar v. Burton, NO. CV 21-9008-ODW(E) (another unsuccessful action attempting to challenge the same conviction). For the reasons explained below, the Court lacks jurisdiction to entertain the present challenge to the 1987 conviction.

Under section 2254 of Title 28 U.S.C., a district court may entertain a habeas petition filed "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Subject matter jurisdiction over such a petition exists only where, at the time of filing, the petitioner is "in custody" under the conviction challenged in the petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) ("in custody" requirement is jurisdictional). A habeas petitioner does not remain "in custody" under a conviction once the sentence imposed for the conviction has "fully expired." Maleng v. Cook, 490 U.S. at 492. As described in the "Order re Dismissal" in Gholar v. Eldridge, supra, this Court, the United States District Court for the Eastern District of California and the United States Court of Appeals for the Ninth Circuit all previously have ruled that Petitioner cannot challenge his 1987 conviction in a federal habeas proceeding because Petitioner no longer is in custody on that conviction. Therefore, this Court (again) lacks jurisdiction to entertain Petitioner's challenge to that conviction.

///
///
///
///
///
///
///
///
///

**ORDER**

For the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   November 12, 2024

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED this 4th day of November, 2024, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE